IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87068-8-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| D.D.H., | |
| Appellant. | |

BOWMAN, J. — D.H. pleaded guilty to second degree unlawful possession of a firearm. At sentencing, the trial court ordered D.H. to register as a felony firearm offender under RCW 9.41.330. D.H. appeals, challenging the statute as unconstitutionally vague. Because RCW 9.41.330 is not subject to a void for vagueness challenge, we affirm.

FACTS

On July 31, 2023, D.H. pleaded guilty to second degree unlawful possession of a firearm as part of a global resolution of several cases.[1] The court sentenced D.H. on August 28, 2024. At sentencing, the court determined that D.H. had several prior convictions that showed a "propensity for violence" and ordered him to register as a felony firearm offender under RCW 9.41.330.

D.H. appeals.

---

[1] D.H. also pleaded guilty to fourth degree assault, third degree theft, second degree robbery, and taking a motor vehicle without permission.

ANALYSIS

D.H. argues the firearm registration statute, RCW 9.41.330, is unconstitutionally vague and violates his due process rights. We review constitutional questions de novo. *State v. McCuistion*, 174 Wn.2d 369, 387, 275 P.3d 1092 (2012).

A vagueness analysis addresses two due process concerns. *State v. Baldwin*, 150 Wn.2d 448, 458, 78 P.3d 1005 (2003). First, it ensures that a criminal statute is specific enough to give citizens fair notice of what conduct is proscribed. *Id.* Second, the statute must provide ascertainable standards of guilt to protect against arbitrary arrest and prosecution. *Id.*

Under RCW 9.41.330, when a defendant is convicted of a felony firearm offense, a sentencing court must consider whether to order the defendant to register as a felony firearm offender. RCW 9.41.330(1). In doing so, the court must consider "all relevant factors," including, among other things, "[e]vidence of the person's propensity for violence that would likely endanger other persons." RCW 9.41.330(2)(c).

D.H. argues the statute's requirement that the sentencing court consider "all relevant factors" and "a person's propensity for violence" in deciding whether to order registration renders the statute unconstitutionally vague because it invites "an inordinate amount" of judicial discretion. But in *State v. Miller*, No. 73491-1-I (Wash. Ct. App. Aug. 1, 2016) (unpublished), https://www.courts.

wa.gov/ opinions/pdf/734911.pdf,[2] we held that the void for vagueness doctrine does not apply to RCW 9.41.330.

In *Miller*, the defendant pleaded guilty to two counts of unlawful possession of a firearm. No. 73491-1-I, slip op. at 1. The trial court ordered the defendant to register as a felony firearm offender under RCW 9.41.330. *Id.* at 2. Miller appealed, arguing the statute was unconstitutionally vague. *Id.* We affirmed. *Id.* at 2-3. We noted that under *Baldwin*, 150 Wn.2d at 459, the void for vagueness doctrine does not apply in the context of sentencing guidelines. *Id.* This is because the sentencing guidelines are discretionary, so nothing in those statutes create a constitutionally protectable liberty interest. *Baldwin*, 150 Wn.2d at 461. We then reasoned that, as with the sentencing guidelines at issue in *Baldwin*, RCW 9.41.330 grants the court discretion over whether to impose the registration requirement. *Miller*, No. 73491-1-I, slip. op. at 3. So, the firearm registration statute was not subject to a void for vagueness challenge. *Id.*

We have since reached the same conclusion in *State v. Hernandez*, No. 79943-6-I (Wash. Ct. App. July 20, 2020) (unpublished), https://www.courts.wa. gov/opinions/pdf/799436.pdf, and *State v. Chase*, No. 79894-4-I (Wash. Ct. App. Sept. 28, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/ 798944.pdf. We see no reason to depart from these well-reasoned opinions.

---

[2] We generally do not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in our decisions. GR 14.1(c). But we may cite unpublished opinions of this court filed on or after March 1, 2013 as nonbinding authorities and accord such persuasive value as we deem appropriate. GR 14.1(a).

Because RCW 9.41.330 is not subject to a void for vagueness challenge, we affirm.

Brennan, J

WE CONCUR:

Chung, J.

Smith, C.J.